**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Robert Southard,<br><br>Petitioner,<br><br>v.<br><br>Director, Alvin S. Glenn Detention Center,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-02481-BHH-MGB<br><br><br><br>**REPORT AND RECOMMENDATION** |

Robert Southard ("Petitioner"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that the petition be summarily dismissed without leave to amend.

## BACKGROUND

Petitioner is currently housed at the Alvin S. Glenn Detention Center in Richland County, South Carolina awaiting trial on two charges of criminal sexual conduct with a minor in the first degree (Case Nos. 2024A4010600044 and -45) and three charges of unlawfully placing a child at risk (Case Nos. 2024A4010202542, -2543, and -2544).[1] State records indicate that a Richland

---

[1] The undersigned takes judicial notice of the records filed in Petitioner's underlying state criminal proceedings before the Richland County Court of General Sessions. *See* https://www.sccourts.org/case-records-search/ (limiting search to Richland County and "Robert Southard") (last visited Aug. 17, 2026); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government websites).

County Grand Jury issued a true bill of indictment with respect to all five charges on February 26, 2025 (Indictment Nos. 2025-GS-40-134, -135, -136, -137, and -138).

On August 26, 2025, Petitioner brought a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he "asserted [his] statutory right to a speedy trial once in open court on May 23, 2024 and again on September 11, 2024 and [had] not been tried in the statutorily required timeframe pursuant to S.C. Code § 17-23-90" in violation of his Sixth Amendment rights. *See Southard v. Director, Alvin S. Glenn Detention Center*, Case No. 2:25-cv-11508-BHH (D.S.C. Nov. 10, 2025) (Dkt. No. 1 at 6). Upon reviewing Petitioner's claims, the Court dismissed his petition for failure to exhaust available state court remedies and lack of special circumstances that would justify federal intervention in the pending state court criminal proceedings. *See* Case No. -11508 (Dkt. Nos. 11, 13).

Petitioner now brings another habeas petition pursuant to § 2241, once again alleging that he has been denied his constitutional right to a speedy trial. (Dkt. No. 1.) This time, however, Petitioner seems to suggest that he has exhausted his state court remedies. Indeed, on January 3, 2025, Petitioner filed "a motion for discharge" in his underlying criminal action pursuant to S.C. Code § 17-23-90, arguing that South Carolina provides a statutory right of release from pretrial detention when trial is not held within two statutory terms of court. (Dkt. No. 1-1 at 1–4; *see also* Dkt. No. 1 at 2, 6.) The Richland County Court of General Sessions denied Petitioner's motion "with no explanation" on February 14, 2025. (Dkt. No. 1 at 2; Dkt. No. 1-1 at 5.) Petitioner then filed an appeal (Dkt. No. 1-1 at 6–9), which was apparently denied by the South Carolina Court of Appeals on April 28, 2026. (Dkt. No. 1 at 3.) Petitioner subsequently filed a *pro se* petition for writ of certiorari on May 25, 2026 (Dkt. No. 1-1 at 14–16), and the Supreme Court of South Carolina denied the petition for failure "to file a timely petition for rehearing from the Court of

Appeals' opinion." (Dkt. No. 1-1 at 18.) Based on the above, Petitioner now asks that this Court "enforce the mandatory non-discretionary language of S.C. Code § 17-23-90, by discharging [him] from custody 'as unrestrained as if . . . he was acquitted.'" (Dkt. No. 1 at 7.)

**STANDARD OF REVIEW**

Under the established local procedure in this judicial district, a careful review has been made of Petitioner's *pro se* petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts;[2] the Anti-Terrorism and Effective Death Penalty Act of 1996; and the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The narrow question before the Court is whether it "plainly appears" that Petitioner is not entitled to any relief. Rule 4, Rules Governing § 2254 Cases. If so, his petition must be dismissed; if not, Respondent must respond. *Id.* Because Petitioner is a *pro se* litigant, his petition is accorded liberal construction. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon*, 574 F.2d at 1151. Even under this less stringent standard, however, the Court cannot ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

Under certain circumstances, a pretrial detainee may bring a petition for habeas relief pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."

---

[2] *See* Rule 1(b), Rules Governing § 2254 Cases (allowing district courts to apply any or all of these rules to § 2241 petitions).

*See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), *cert. denied*, 484 U.S. 956 (1987) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). It is well-settled, however, that such relief is available only if the detainee has "exhausted his state court remedies and shown the existence of special circumstances to justify federal intervention." *Brazell v. Boyd*, 991 F.2d 787, 1993 WL 98778, at *1 (4th Cir. 1993) (Table) (referencing *Dickerson*, 816 F.2d at 224–26). Assuming for purposes of this Report and Recommendation only that Petitioner has in fact exhausted his state court remedies regarding his right to a speedy trial, the undersigned finds that he has still failed to demonstrate the special circumstances necessary to justify federal interference at this time.

While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *See Askins v. Dir. of Florence Cty. Det. Ctr.*, No. 9:20-cv-2846-DCC-MHC, 2020 WL 7001015, at *2 (D.S.C. Sept. 3, 2020), *adopted*, 2020 WL 6110960 (D.S.C. Oct. 16, 2020) (referencing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.* To that end, "denial of the right to a speedy trial does not fall within the extraordinary circumstances envisioned" for purposes of habeas relief, as a pretrial detainee has the "opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts." *Moore*, 515 F.2d at 449. Such is the case for Petitioner here. *See, e.g.*, *Harless v. Unknown*, No. 7:25-cv-553, 2025 WL 2481393, at *2 (W.D. Va. Aug. 28, 2025) (denying habeas relief under § 2241 because petitioner could raise speedy trial claims "before or during trial, and

then during the state court appeals and habeas corpus proceedings that may follow"); *Cimbollek v. Dir. of Union Cnty. Det. Ctr.*, No. 6:23-cv-1805-SAL, 2024 WL 1926561, at *2 (D.S.C. May 2, 2024) (dismissing § 2241 speedy trial claims, finding that "[w]hile Petitioner is dissatisfied with his case, there are procedures in place that protect his constitutional rights without this court's pretrial intervention"). The undersigned therefore finds that Petitioner is precluded from federal habeas relief at this time.

## CONCLUSION

Based on the above, the undersigned finds that Petitioner cannot cure the deficiencies in his petition by amendment and **RECOMMENDS** that the Court **DISMISS** the petition without prejudice and without requiring Respondent to file a return.

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 19, 2026
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).