IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Southard, Petitioner, v. Director, Alvin S. Glenn Detention Center, Respondent. | ) | Civil Action No. 2:26-2481-BHH **ORDER** |

This matter is before the Court upon Robert Southard's ("Petitioner") *pro se* petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On August 19, 2026, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss the petition without prejudice and without requiring Respondent to file a return because Petitioner has not shown that special circumstances justify federal intervention. (ECF No. 6.) Petitioner filed objections to the Magistrate Judge's Report, and the matter is ripe for review. (ECF No. 10.)

**BACKGROUND**

Petitioner is currently housed at the Alvin S. Glenn Detention Center awaiting trial on multiple state charges on which Petitioner was indicted on February 26, 2025. On August 26, 2025, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging violations of his speedy trial rights. *See Southard v. Director, Alvin S.*

*Glenn Det. Ctr*, No. 2:25-cv-11508-BHH (D.S.C. Nov. 10, 2025). The Court dismissed his petition for failure to exhaust available state court remedies and for lack of special circumstances to warrant federal intervention in the pending state court proceedings. Petitioner now brings another habeas corpus petition pursuant to 28 U.S.C. § 2241, again alleging violations of his speedy trial rights, and asserting that he has now exhausted his state court remedies. (ECF No. 1.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

In her Report, the Magistrate Judge assumed for the sake of her Report that Petitioner exhausted his state court remedies regarding his speedy trial claims, but she nonetheless found that Petitioner failed to demonstrate the special circumstances necessary to justify federal interference with the pending state court proceedings, noting that "denial of the right to a speedy trial does not fall within the extraordinary circumstances envisioned" for purposes of habeas corpus relief. (ECF No. 6 at 4 (quoting *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975), and citing other cases). As such, the Magistrate Judge recommended that the Court dismiss the instant petition without prejudice

and without requiring Respondent to file a return.

In his objections to the Magistrate Judge's Report, Petitioner asserts that he has filed a lawsuit regarding the conditions of his confinement and an alleged attack he suffered at the Alvin S. Glenn Detention Center, and he asserts that these claims amount to special circumstances warranting federal intrusion. (ECF No. 10 at 1-2.) Attached to his objections, Petitioner includes a copy of the pleadings in the other action along with medical records and other documents related to his injuries.

After *de novo* review, however, the Court finds that Petitioner's objections are irrelevant to the Court's analysis, as his other civil action has no bearing on this federal habeas corpus petition. Thus, the Court finds Petitioner's objections unavailing, and after a review of the applicable law, the Court fully agrees with the Magistrate Judge, that *even assuming* that Petitioner has exhausted his state court remedies with respect to his speedy trial claims, he has not set forth any special circumstances to justify this Court's pretrial interference with his state court proceedings. Indeed, as the Magistrate Judge noted, Petitioner still has the opportunity to raise his claims during his state trial and subsequent appellate proceedings, and he is thus not entitled to federal habeas corpus relief at this time.

## CONCLUSION

Based on the foregoing, the Magistrate Judge's Report (ECF No. 6) is **adopted and incorporated herein**; Petitioner's objections (ECF No. 10) are **overruled**; and this matter is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 16, 2026
Charleston, South Carolina

**CERTIFICATE OF APPEALABILITY**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Here, the Court finds that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court denies a certificate of appealability.